**UNITED STATES of America,**
**Plaintiff,**

v.

**UNITED STATES FIDELITY AND**
**GUARANTY COMPANY,**
**Defendant.**

**Civ. No. 3282.**

United States District Court,
E. D. Washington,
Northern Division.

April 12, 1971.

Dean Smith, U. S. Atty., Spokane, Wash., for plaintiff.

Moffatt, Thomas, Barrett & Blanton, Boise, Idaho, Myers, Reiley & Annis, Spokane, Wash., for defendant.

## MEMORANDUM DECISION

POWELL, Chief Judge.

The parties have stipulated that this cause be submitted to the court without argument on cross motions for summary judgment. The facts are set forth in the pleadings and are not disputed. The facts are as follows:

The United States of America let a contract for the construction of certain facilities of the Reclamation Bureau. The contract was to Wells Construction Company in the amount of $144,336.30.

The United States Fidelity and Guaranty Company became its surety for the performance bond in that amount and also executed a payment bond in the amount of $72,160.15.

The contractor defaulted in the construction contract and refused to continue the work. At that time the contractor owed the United States trust fund tax deductions from employees in the amount of $8,031.62 (withheld income taxes and F.I.C.A. payments). The surety was requested to complete the contract by performing the balance of the work but did not do so and the Government contracted the balance of the work to Grant Construction Company.

The Grant Construction Company completed the work for less than the unpaid balance due on the contract at that time and there remained in the hands of the Government as a retained percentage $4,756.90. The surety on its performance bond was liable at all times for the performance of the contract. Under the existing Miller Act laws the performance bond was also liable for the unpaid trust fund taxes of $8,031.62. The United States of America seeks to apply the $4,756.90 toward the payment of non-trust fund tax obligations of the principal contractor in the amount of $3,150.56, being taxes which are unrelated to the contract involved in this case.

The surety maintains that it has at all times been ready, able and willing to perform its obligations under its performance contract and to pay the trust fund taxes of $8,031.62, but upon a payment of such taxes it is entitled to the unpaid balance of the retained percentage, to-wit, $4,756.90 without reduction for any non-trust fund taxes due by the contractor to the Government.

In this anomalous situation the taxing authority is the same as the contracting authority, the United States of America. The surety maintains its rights under the bond and contract to recover the amount due it on payment of the trust fund taxes.

Under the authority of Trinity Universal Insurance Company v. United States, 382 F.2d 317 (5 Cir. 1967), and Security Insurance Co. of Hartford v. United States, 428 F.2d 838, 192 Ct.Cl. 754 (1970), it is the opinion of the undersigned that the Government is not entitled to take the unpaid retained percentages and apply them against the payment of the contractor's non-trust fund taxes. As is said in *Trinity Universal* (fn. 2),

"The record does not disclose whether these taxes arose from the work covered by the contract. We agree with the obvious assumption that that fact was not material."

"* * * The performance bond is to assure that the government has a completed project for the agreed contract price. The obligation may be performed either in kind or in money. Performance results equally when the surety completes the contract or when the surety pays the government any damage which the government incurs in completing the job. In either event, the surety is entitled to have the full contract price applied to the performance of the contract. * * *." 382 F.2d at 321.

It is my opinion that the surety here has fully discharged its obligation to the plaintiff and that the plaintiff cannot apply the retained percentage to the payment of non-trust fund taxes. The motion for summary judgment of the defendant is granted and the motion for summary judgment of the plaintiff is denied and defendant will recover its costs and disbursements herein. Defendant is to submit form of judgment.